IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM C. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV262 |
| | ) | |
| MARK J. DUNCAN, | ) | |
| TRIAL AND ERRORS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION, ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This civil action for fraud comes before the Court on Plaintiff's Motion for Partial Summary Judgment [Doc. #23] and on Defendants' Motion to Dismiss [Doc. #21]. Both Plaintiff William Davis and Defendant Mark Duncan are proceeding *pro se*.[1] For the reasons set out below, Plaintiff's Motion for Partial Summary Judgment should be denied, and Defendant's Motion to Dismiss should be granted as to Counts 2 and 3 but denied as to Count 1.

I. FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff Davis alleges that he is a federal inmate, a resident of Michigan but now incarcerated in Pennsylvania. He brings claims against Defendant Mark J. Duncan, a North Carolina resident, and Defendant Duncan's legal business known as Trial and Errors, Inc., also

---

[1] The Court notes that Plaintiff has named Trial and Errors, Inc., a business operated by Defendant Duncan, as a defendant in this case. No attorney has appeared on behalf of Trial and Errors, Inc. However, it presently appears undisputed that Trial and Errors is not a corporation and is instead a sole proprietorship for which Defendant Duncan remains individually liable. Although the Court may refer to motions being filed by "Defendants," this is not meant to imply that as a *pro se* litigant Defendant Duncan may assert the rights of any corporation. Instead, the Court recognizes only that Defendant Duncan may proceed on behalf of Trial and Errors to the extent that it is a sole proprietorship for which he remains individually liable.

located in North Carolina. Plaintiff Davis alleges that Defendant Duncan is a former federal inmate who held himself out as an attorney, and that Plaintiff Davis retained Defendant Duncan to assist Plaintiff in filing a motion for post-conviction relief. Plaintiff alleges that Defendant Duncan is not licensed to practice law and that his offer of services was a scheme to defraud Plaintiff and other inmates. Plaintiff alleges that this Court may assert jurisdiction over this action on the basis of diversity jurisdiction. Plaintiff raises three causes of action in his Complaint: Count 1 is for fraud under state law; Count 2 is for federal mail fraud; and Count 3 is for federal wire fraud.

Plaintiff Davis alleges that Defendant Duncan received a 46-month prison term for mail and wire fraud in the United States District Court for the Western District of Virginia and was released from prison in February 2001. Defendant was allegedly sentenced to 11 months in prison for violating his supervised release in 2005.

Plaintiff alleges that beginning in 2008, Defendant Duncan sent promotional flyers to state and federal prisoners as part of a scheme to defraud prisoners by offering to provide legal services to them. On or about November 1, 2010, Plaintiff contacted Defendant Duncan for help in his criminal case. Plaintiff later sent Defendant copies of his presentence report, indictments, and his section 2255 motion. On November 23, 2010, Defendant Duncan proposed to Plaintiff that he help Plaintiff by filing a Rule 60(b) motion and a pro se appeal for Plaintiff. On December 20, 2010, Defendant Duncan wrote to Plaintiff that he had received $1,000 on behalf of Plaintiff provided by Plaintiff's friends. On December 28, 2010, Plaintiff received by priority mail the Rule 60(b) motion prepared by Defendant Duncan. Upon

reviewing the motion, Plaintiff concluded that it was poorly written and that Defendant Duncan was not an attorney. Plaintiff states that he decided not to file the motion. Defendant Duncan allegedly received approximately $2,100 between December 20, 2010, and January 25, 2011, sent to him by friends and family of Plaintiff.

Plaintiff Davis alleges that he filed a grievance with the North Carolina State Bar against Defendants for the unauthorized practice of law on February 14, 2012. Another inmate has filed a similar action against Defendant Duncan and his business entities in this Court, Plaintiff Ritchie Conner [No. 1:12CV92], and that action has been consolidated with Plaintiff Davis' case for purposes of discovery and pretrial proceedings only.

In Count 1, Plaintiff alleges fraud based upon Defendants "openly engag[ing] in the illegal practice of law." (Compl. [Doc. #2] at 12.) In Count 2, Plaintiff alleges that Defendants incorporated the United States Postal Service into their scheme to defraud in violation of 18 U.S.C. § 1341. Plaintiff alleges in Count 3 that Defendants committed wire fraud in violation of 18 U.S.C. § 1343 by sending him emails through his prison's internet-linked email system.

Plaintiff Davis has moved for summary judgment [Doc. #23] on Count 1, the fraud count. Defendant Duncan opposes the granting of summary judgment and contends that there was no fraud because Plaintiff Davis knew that he was a former inmate, knew that he was not registered as an attorney with any state bar, and received the Rule 60(b) motion that Defendant promised. Defendant Duncan maintains that he graduated from law school at the Cambridge State University in Mississippi.

Defendants have filed a Motion to Dismiss for failure to state a claim upon which relief may be granted and for lack of jurisdiction [Doc. #21] as to all of Plaintiff's claims. Defendants argue that Plaintiffs have failed to state a claim for relief and instead are asking the Court to enforce criminal law. Plaintiff argues that the defenses relied upon by Defendant Duncan lack merit and logic. (See Pl.'s Mot. to Strike [Doc. #22].)

II. DISCUSSION

    A.    Defendants' Motion to Dismiss [Doc. #21]

Defendants argue that all of Plaintiff's claims should be dismissed for failure to state a claim and for lack of federal jurisdiction. Defendants first contend that Plaintiff is improperly attempting to enforce federal criminal law. This argument has merit. A Complaint fails to state a claim on which relief may be granted when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Here, Plaintiff seeks to enforce the federal mail fraud statute, 18 U.S.C. § 1341, in Count 2 and the federal wire fraud statute, 18 U.S.C. § 1343, in Count 3. It is well settled that those statutes do not provide a private right of action for citizens in civil cases. El-Bey v. City of Thomasville, No. 1:11CV413, 2012 WL 1077896 (M.D.N.C. Mar. 30, 2012) (recommending dismissal of the plaintiff's claims based upon alleged violation of the United States Criminal Code); Thomas v. Barber, No. 1:03CV1139, 2004 WL 602775 (M.D.N.C. Mar. 4, 2004) (dismissing mail fraud claim because it does not state a federal civil cause of action); Bradford v. McClellan, No. 3:97CV355, 1997 WL 882907 (W.D.N.C. Nov. 18, 1997) (no private right of action exists under

the federal mail fraud statute); see Baker v. Data Dynamics, Inc., 561 F. Supp. 1161, 1166 (W.D.N.C. 1983) (no private right of action exists under federal mail fraud or wire fraud statute). Therefore, Counts 2 and 3 should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff must work through the United States Attorney for the enforcement of federal criminal law.

Count 1, Plaintiff's general fraud claim, is therefore the only remaining claim. The Court construes this claim as a state fraud claim with diversity jurisdiction as the purported basis for federal jurisdiction. Defendants do not make a specific argument as to why this fraud claim fails to state a claim upon which relief may be granted or why this Court lacks jurisdiction over the claim. Under North Carolina law, in order to prove fraud Plaintiff must show (1) a false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with the intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party. Ragsdale v. Kennedy, 209 S.E.2d 494, 500 (N.C. 1974).

Plaintiff has alleged that Defendant Duncan circulated business cards and calendars in prisons which listed Duncan's name and the title "Attorney" and "J.D." and represented that Duncan and Defendant Trial and Errors, Inc. were "Post Conviction Relief Experts." (Compl. [Doc. #2] Exs. 10, 11.) Plaintiff asserts that Defendant Duncan wrote him emails in which Defendant suggested that he could "efile" motions with federal courts. (Id. Ex. 14.) Plaintiff alleges that Defendant Duncan wrote in an email of appearing "pro hac vice" in federal court.[2]

---

[2] The Court notes that such appearances would have been in the District Court for the Northern District of Ohio, where Plaintiff was convicted, rather than in this district.

(Id. Ex. 15.) Plaintiff also alleges that Defendant Duncan mailed to him documents and that the return address listed Mr. Duncan as an "Attorney At Law." (Id. Ex. 16.) Plaintiff asserts that Defendant Duncan "conned" him and other inmates "into thinking that Defendants were a lawyer/legal firm by soliciting themselves as specialists in 'Post Conviction Relief.'" (Compl. [Doc. #2] at 11.) Plaintiff further claims that Defendants received $2,100.00 for payment on his behalf "despite having no formal legal training and related licensing." (Id. at 11-12.) Plaintiff claims that he was also damaged by losing his opportunity to pursue post-conviction relief. (Id. at 12.)[3] Considering these allegations, Plaintiff has pled sufficient facts to make out the elements of fraud. Therefore, Defendants' motion should be denied as to Count 1.

B.    Plaintiff's Motion for Partial Summary Judgment (on Count 1) [Doc. #23]

Plaintiff moves to have summary judgment granted in his favor on Count 1, his state law fraud claim. Summary judgment is appropriate only when no genuine issue of material fact exists. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). A genuine issue of fact exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Here, Plaintiff does not address the elements of a fraud claim under North Carolina law as set out above. He argues, in essence, that summary judgment is properly granted because Defendants have engaged in the unauthorized practice of law. (Pl.'s Mem. [Doc. #24].) However, that is not the same question as whether Defendants have defrauded Plaintiff. In this case, it appears that there is

---

[3] Plaintiff also asserts pain and suffering and emotional distress, and demands recovery of an amount greater than $75,000.00. Given the complete diversity of the parties, there is no basis to dismiss for lack of subject matter jurisdiction.

a genuine issue with respect to which representations were materially false, whether Defendant Duncan had the intent to deceive, whether Plaintiff was in fact deceived, whether Plaintiff could have justifiably relied on the representations set forth above to believe that Defendant Duncan was a licensed attorney, and whether Plaintiff can produce evidence that he was damaged as a result of Defendants' misrepresentations. Plaintiff's Motion for Summary Judgment on Count 1 should therefore be denied.

    C.    Status and Scheduling

Having concluded that Plaintiff's Motion for Summary Judgment should be denied, and that Defendant's Motion to Dismiss should be denied as to Count 1, the Court notes that discovery has been extended in the related case of Connor v. Duncan (No. 1:12CV92). The Court will likewise extend discovery in the present case to May 29, 2015. The Court will direct the Clerk to set this matter on a trial calendar based on that close of discovery deadline.

III.    CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Defendants' Motion to Dismiss [Doc. #21] be granted as to Counts 2 and 3 of Plaintiff's Complaint, but be denied as to Count 1.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Partial Summary Judgment [Doc. #23] as to his Count 1 be denied.

IT IS ORDERED that discovery is extended to May 29, 2015, and the Clerk is directed to set this matter on a trial calendar based on that deadline for the close of discovery.

This, the 31st day of March, 2015.

                              /s/ Joi Elizabeth Peake
                              United States Magistrate Judge